H. Dickson Burton (4004)
Stephen E. Pulley (13843)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT  84110
Telephone:  (801) 532-1922

Attorneys for Plaintiff, IntegraCore, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **INTEGRACORE, LLC**, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SHIPPING AND TRANSIT, LLC**, a Florida Corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:16cv01065-DAK<br><br>U.S. District Court Judge Dale A. Kimball<br><br>JURY DEMANDED |

Plaintiff, IntegraCore, LLC ("Plaintiff" or "IntegraCore), by and through its counsel, brings this Complaint against Defendant Shipping and Transit, LLC ("Defendant" or "Shipping & Transit"), as follows:

## INTRODUCTION

1.     This is an action for a declaratory judgment that the following United States Patents are invalid and not infringed by IntegraCore, either directly or as an inducing or contributory infringer: U.S. Patent No. 6,415,207 ("the '207 Patent"); U.S. Patent No. 6,904,359 ("the '359 Patent"); U.S. Patent No. 6,763,299 ("the '299 Patent"); and U.S. Patent No. 7,400,970 ("the '970 Patent") (collectively, the "Patents-in-Suit").

2.      Copies of the Patents-in-Suit are attached hereto as Exhibits A-D, respectively.

3.      There exists a real dispute between Plaintiff and Shipping & Transit, as Shipping & Transit has accused Plaintiff of infringement and has demanded a licensing fee in a Demand Letter.

4.      A copy of the Demand Letter is attached hereto as Exhibit E.

5.      Furthermore, Shipping & Transit, under its current and former names, has filed over 500 lawsuits related to patents it claims to own, including over 100 lawsuits in 2016.

6.      Given the Demand Letter, as well as all other allegations in this complaint, including specifically Shipping & Transit's practice of regularly filing numerous lawsuits, there exists a concrete and immediate justiciable controversy between Plaintiff and Shipping & Transit.

## PARTIES

7.      Plaintiff, IntegraCore, LLC is a Utah Corporation having an address and principal place of business at 6077 W. Wells Park road, West Jordan, UT 84088.

8.      On information and belief, Defendant Shipping and Transit, LLC is a Florida Corporation having an address and principal place of business at 711 Southwest 24th Avenue, Boynton Beach, Florida.

9.      Defendant Shipping and Transit, LLC was formerly known as ArrivalStar S.A. and Melvino Technologies Limited.

## JURISDICTION AND VENUE

10.     Plaintiff incorporates each of the allegations of paragraphs 1 through 7 above, as if fully set forth herein.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least because this action arises under the Patent Act and seeks relief under the Federal Declaratory Judgment Act.

12.     On information and belief, Shipping & Transit's sole business operations consist of using actual or threatened patent litigation to coerce businesses to license its patent portfolio. On information and belief, S&T provides no other product or service. S&T sent the Demand Letter to IntegraCore, a Utah corporation, alleging that IntegraCore infringes the claims of at least one claim in each of the Asserted Patents. The '359, '299, and '970 patents each expired in 2013. The Demand Letter demands that IntegraCore license the '207 Patent and pay for past usage of the '359, '299, and '970 Patents.  Shipping & Transit's sending of the Demand Letter to IntegraCore constitutes a business tort in Utah because the Demand Letter violates the Distribution of Bad Faith Patent Infringement Letters Act (Utah Code 78B-6-1901 *et seq.*).

13.     On information and belief, Shipping & Transit also has purposely availed itself of privileges and benefits of the laws of the State of Utah, and otherwise conducted business in Utah, including at least licensing its patent portfolio to companies residing in Utah.   On information and belief, Shipping & Transit's patent licensing and business activities in Utah constitute continuous and systematic contacts with Utah.  On information and belief, based on its hundreds of cases and likely hundreds or thousands more demand letters, Shipping and Transit and its related entities and predecessors have entered into licensing agreements and/or settled its

demands with multiple Utah companies.  Shipping & Transit is therefore subject to specific and general personal jurisdiction in this Court pursuant to at least Utah Code 78-27-24.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

## BACKGROUND

### I.     IntegraCore's Business Practices

15.     Plaintiff IntegraCore provides procurement, order fulfillment, warehousing and storage, product assembly, contingent labor, and logistics for third-party companies, which are typically suppliers of products to be shipped to consumers.

16.     IntegraCore provides an internet service/system known as PortKey™ for its customers to place orders by transmitting or entering order and shipping information for the end consumers.

17.      PortKey™ also allows the customers (third-party suppliers) to identify the status of orders between the time the order is placed and the time the order is shipped via a third-party courier, such as United Parcel Service ("UPS") or the United States Postal Service ("USPS").

18.     End consumers do not typically have access to PortKey™.

19.     After the order is shipped, PortKey™ provides a link to the third-party courier's website for tracking, but tracking information is not maintained or provided directly by IntegraCore via PortKey™ or otherwise.

20.     Similarly, IntegraCore's customers may elect to have an email sent to the end consumer when the order is shipped.

21.     Such shipping emails include a link to the third-party courier website for tracking the order.

22.     IntegraCore's PortKey™ system does not track or maintain the status or any other travel information of any vehicle.

**II.     Shipping & Transit's Business**

23.     On information and belief, Defendant Shipping and Transit is the successor-in-interest to ArrivalStar S.A. and Melvino Technologies Limited, which are themselves formerly known as ArrivalStar Inc.

24.     Specifically, Shipping & Transit claims it is formerly known as ArrivalStar S.A. and Melvino Technologies Limited.

25.     On information and belief, Defendant Shipping & Transit's current members, Peter Sirianni and Martin Kelly Jones, were associated with ArrivalStar S.A. and Melvino Technologies Limited.

26.     On information and belief, Shipping & Transit owns and/or controls a portfolio of at least 34 U.S. patents.

27.     ArrivalStar S.A., Melvino Technologies Limited, and Shipping & Transit have collectively alleged infringement of one or more of the Patents-in-Suit in over 300 lawsuits against over 650 defendants, in actions filed across the United States.  Upon information and belief, ArrivalStar S.A., Melvino Technologies Limited, and Shipping & Transit have sent demand letters to thousands of additional parties regarding the Patents-in-Suit and have obtained numerous licensing agreements without filing lawsuits.

28.     On information and belief, Shipping & Transit makes no products and sells no services, and Shipping & Transit's sole business is to enforce the Patents-in-Suit and other patents it owns and/or controls.

### III.    The Demand Letter and Shipping & Transit's Failure to Investigate Infringement or, Alternatively, Willful Disregard of the Facts Unearthed During an Investigation

29.    On August 24, 2016, Shipping & Transit sent IntegraCore a letter (hereinafter "the Demand Letter") informing IntegraCore of the Patents-in-Suit, and of Shipping & Transit's belief that IntegraCore infringes the Patents-in-Suit through its use of PortKey™.  A true and correct copy of the Demand Letter is attached hereto as Exhibit E.

30.    Shipping & Transit's pattern and practice of asserting patents against entities that do not practice the patented technology to obtain nuisance value settlements is evident in the Demand Letter sent to IntegraCore accusing PortKey™ of infringement.

31.    The Demand Letter seeks a license for the '207 Patent and damages for past usage of the '359, '299, and '970 Patents.  Exh. E, at 1.

32.    The Demand Letter sought a license fee of $45,000 for a license to the Patents-in-Suit.   Exh. E, at 17.

33.    Shipping & Transit has no basis to allege IntegraCore had any knowledge of the Patents-in-Suit prior to the receipt of the Demand Letter.

34.    Shipping & Transit did not disclose that three of the four Patents-in-Suit had expired in 2013.

35.    On information and belief, Shipping & Transit did not perform a reasonable investigation prior to sending the Demand Letter alleging patent infringement.

36.    Alternatively, if Shipping & Transit did conduct an investigation at any point, its assertion of infringement occurred despite facts plainly contrary to any claim of infringement.

37.    A reasonable investigation makes clear that IntegraCore does not infringe any of the Patents-in-Suit.

38.     Although the Demand Letter includes claim charts that make broad allegations and assertions regarding IntegraCore's practices, such allegations and assertions ignore the critical "vehicle" claim elements and/or blatantly mischaracterize IntegraCore's systems and practices as applying to the "vehicle" claim elements present in each of the asserted patent claims.  A reasonable investigation would make it clear that IntegraCore's systems and practices do not track, store, or otherwise use information regarding vehicles as required by the asserted claims.

39.     The Demand Letter does not include (1) an identification of the name and address of the current patent owner or owners and any other person or entity having the right to enforce or license the patent, (2) an identification of the name and address of all persons and entities holding a controlling interest in the current owners of the Asserted Patents or the entity having the right to enforce, and (3) an identification of each judicial or administrative proceeding pending as of the date of the demand letter where the validity of the asserted patent or patents is under challenge.

40.     As a result of the Demand Letter, IntegraCore has a reasonable fear and apprehension that Shipping & Transit will commence an action for patent infringement against it in the United States.  An actual and justiciable controversy therefore exists between IntegraCore and Shipping & Transit.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Invalidity of
### United States Patent No. 6,415,207

41.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 40 above, as if fully set forth herein.

42.     An actual and justiciable controversy exists between Shipping & Transit and Plaintiff concerning the invalidity of the '207 Patent.

43.     The '207 Patent is invalid for failure to comply with one of more of the statutory provisions of patentability, or to otherwise satisfy the requirements set forth in Title 35 of the United States Code.   In particular, by way of example and not of limitation, the claims of the '207 Patent are invalid for failing to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 (all citations herein to 35 U.S.C. are to the version thereof in effect prior to implementation of the Leahy-Smith America Invents Act, i.e., pre-AIA) and/or under the doctrine of obviousness-type double patenting.

44.     The claims of the '207 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101 as interpreted by the Supreme Court in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 ("*Alice*").

45.     The claims asserted against Plaintiff IntegraCore are directed to an unpatentable abstract idea that is implemented by human beings using computers or user communication devices.   The '207 Patent purports to claim the abstract idea of monitoring, comparing, and communicating with users regarding vehicle or package schedules.   This idea is nothing more than a fundamental economic practice, building block, or basic tool of the pertinent (e.g., shipping) industry that is "long prevalent in our system of commerce," like the idea of "intermediated settlement" found to be patent ineligible in *Alice*.   134 S. Ct. at 2355-57.   Nothing in the claims, either individually, or as an ordered combination, "transform[s] the nature of the claims" into a patent-eligible invention.   *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 10 (2012) ("*Mayo*").   "The mere recitation of a generic computer cannot transform a

patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2358.  Any additional elements recited in the claims of the '207 Patent constitute merely insignificant post-solution activity.

46.     By way of non-limiting example and subject to further investigation of the prior art, the claims of the '207 Patent are invalid under 35 U.S.C. §§ 102 and 103 based on the disclosure of one or more of the following prior art references, taken alone or in combination: International Publication No. WO 97/18521 to Smith et al.; U.S. Patent No. 5,668,543 to Jones; U.S. Patent No. 6,094,573 to Heinomen et al.; U.S. Patent No. 5,590,178 to Murakami et al.; International Patent Publication No. WO 98/08206 (corresponding to U.S. Patent 6,006,159) to Schmier et al.; and Canadian Application Publication 2200042 to Webb.

47.     The '207 Patent is the subject of a petition for *Inter Partes* Review filed on July 25, 2016, bearing AIA Review Number IPR2016-01465, alleging invalidity of the '207 Patent based on some of the prior art identified in the preceding paragraph.

48.     Shipping & Transit's actions and assertions that the '207 Patent is valid and infringed by Plaintiff have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

49.     Plaintiffs are entitled to a declaratory judgment that the claims of the '207 Patent are invalid, and to such further relief as may be just and proper.

### SECOND CAUSE OF ACTION
**Declaratory Judgment for Non-Infringement of
United States Patent No. 6,415,207 by IntegraCore**

50.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 49 above, as if fully set forth herein.

51.     An actual and justiciable controversy exists between Plaintiff and Shipping & Transit concerning the non-infringement of the '207 Patent.

52.     Plaintiff does not infringe and has not infringed any valid claim of the '207 Patent as alleged by Shipping & Transit.

53.     Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer of, any valid claim of the '207 Patent.

54.     By way of example and not limitation, and subject to further investigation by Plaintiff, asserted independent claim 5 of the '207 Patent is not infringed by Plaintiff at least because Plaintiff's systems do not include any "means for maintaining status information associated with a vehicle, said status information indicative of a current proximity of said identified vehicle," as recited in claim 5 of the '207 Patent.

55.     Shipping & Transit's actions and assertions that Plaintiff is infringing the '207 Patent have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff therefore has no adequate remedy at law.

56.     Plaintiff is entitled to a declaratory judgment that Plaintiff does not directly or indirectly infringe any of the claims of the '207 Patent, and to such further injunctive or other relief as may be just and proper.

### THIRD CAUSE OF ACTION
**Declaratory Judgment of Invalidity of**
**United States Patent No. 6,904,359**

57.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 56 above, as if fully set forth herein.

58.     An actual and justiciable controversy exists between Shipping & Transit and Plaintiff concerning the invalidity of the '359 Patent.

59.     The '359 Patent is invalid for failure to comply with one of more of the statutory provisions of patentability, or to otherwise satisfy the requirements set forth in Title 35 of the United States Code.  In particular, by way of example and not of limitation, the claims of the '359 Patent are invalid for failing to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 and/or under the doctrine of obviousness-type double patenting.

60.     The asserted claims of the '359 Patent are invalid for at least the same reasons described in paragraphs 44 through 46, realleged and incorporated herein by reference for application to the '359 Patent.

61.     Shipping & Transit's actions and assertions that the '359 Patent is valid and infringed by Plaintiff have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

62.     Plaintiffs are entitled to a declaratory judgment that the claims of the '359 Patent are invalid, and to such further relief as may be just and proper.

### FOURTH CAUSE OF ACTION
#### Declaratory Judgment for Non-Infringement of
#### United States Patent No. 6,904,359 by IntegraCore

63.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 62 above, as if fully set forth herein.

64.     An actual and justiciable controversy exists between Plaintiff and Shipping & Transit concerning the non-infringement of the '359 Patent.

65.     Plaintiff does not infringe and has not infringed any valid claim of the '359 Patent as alleged by Shipping & Transit.

66.     Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer of, any valid claim of the '359 Patent.

67.     By way of example and not limitation, and subject to further investigation by Plaintiff, asserted independent claim 41 of the '359 Patent is not infringed by Plaintiff at least because Plaintiff's systems do not include any "means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location," as recited in claim 41 of the '359 Patent.

68.     Shipping & Transit's actions and assertions that Plaintiff is infringing the '359 Patent have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff therefore has no adequate remedy at law.

69.     Plaintiff is entitled to a declaratory judgment that Plaintiff does not directly or indirectly infringe any of the claims of the '359 Patent, and to such further injunctive or other relief as may be just and proper.

**FIFTH CAUSE OF ACTION**
**Declaratory Judgment of Invalidity of**
**United States Patent No. 6,763,299**

70.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 69 above, as if fully set forth herein.

71.     An actual and justiciable controversy exists between Shipping & Transit and Plaintiff concerning the invalidity of the '299 Patent.

72.     The '299 Patent is invalid for failure to comply with one of more of the statutory provisions of patentability, or to otherwise satisfy the requirements set forth in Title 35 of the United States Code.  In particular, by way of example and not of limitation, the claims of the '299 Patent are invalid for failing to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 and/or under the doctrine of obviousness-type double patenting.

73.     The asserted claims of the '299 Patent are invalid for at least the same reasons described in paragraphs 44 through 46, realleged and incorporated herein by reference for application to the '299 Patent.

74.     Shipping & Transit's actions and assertions that the '299 Patent is valid and infringed by Plaintiff have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

75.     Plaintiffs are entitled to a declaratory judgment that the claims of the '299 Patent are invalid, and to such further relief as may be just and proper.

**<u>SIXTH CAUSE OF ACTION</u>**
**Declaratory Judgment for Non-Infringement of**
**United States Patent No. 6,763,299 by IntegraCore**

76.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 75 above, as if fully set forth herein.

77.     An actual and justiciable controversy exists between Plaintiff and Shipping & Transit concerning the non-infringement of the '299 Patent.

78.     Plaintiff does not infringe and has not infringed any valid claim of the '299 Patent as alleged by Shipping & Transit.

79.     Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer of, any valid claim of the '299 Patent.

80.     By way of example and not limitation, and subject to further investigation by Plaintiff, asserted independent claim 79 of the '299 Patent is not infringed by Plaintiff at least because Plaintiff's systems do not include any "means for, when the vehicle approaches, is at, or leaves a stop location: determining a subsequent stop location in the delivery information," as recited in claim 79 of the '299 Patent.

81.     Shipping & Transit's actions and assertions that Plaintiff is infringing the '299 Patent have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff therefore has no adequate remedy at law.

82.     Plaintiff is entitled to a declaratory judgment that Plaintiff does not directly or indirectly infringe any of the claims of the '299 Patent, and to such further injunctive or other relief as may be just and proper.

### SEVENTH CAUSE OF ACTION
**Declaratory Judgment of Invalidity of
United States Patent No. 7,400,970**

83.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 82 above, as if fully set forth herein.

84.     An actual and justiciable controversy exists between Shipping & Transit and Plaintiff concerning the invalidity of the '970 Patent.

85.     The '970 Patent is invalid for failure to comply with one of more of the statutory provisions of patentability, or to otherwise satisfy the requirements set forth in Title 35 of the United States Code.  In particular, by way of example and not of limitation, the claims of the

'299 Patent are invalid for failing to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 and/or under the doctrine of obviousness-type double patenting.

86.     The asserted claims of the '970 Patent are invalid for at least the same reasons described in paragraphs 44 through 46, realleged and incorporated herein by reference for application to the '970 Patent.

87.     Shipping & Transit's actions and assertions that the '970 Patent is valid and infringed by Plaintiff have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law.

88.     Plaintiffs are entitled to a declaratory judgment that the claims of the '970 Patent are invalid, and to such further relief as may be just and proper.

## EIGHTH CAUSE OF ACTION
### Declaratory Judgment for Non-Infringement of
### United States Patent No. 7,400,970 by IntegraCore

89.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 88 above, as if fully set forth herein.

90.     An actual and justiciable controversy exists between Plaintiff and Shipping & Transit concerning the non-infringement of the '970 Patent.

91.     Plaintiff does not infringe and has not infringed any valid claim of the '970 Patent as alleged by Shipping & Transit.

92.     Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer of, any valid claim of the '970 Patent.

93.     By way of example and not limitation, and subject to further investigation by Plaintiff, asserted independent claim 1 of the '970 Patent is not infringed by Plaintiff at least

because Plaintiff's systems do not include any "means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle that is delivering the package to the user," as recited in claim 1 of the '970 Patent.

94.     By way of example and not limitation, and subject to further investigation by Plaintiff, asserted independent claim 8 of the '970 Patent is not infringed by Plaintiff at least because Plaintiff's systems do not include any "means for identifying the particular vehicle based upon the stop identification number," as recited in claim 8 of the '970 Patent.

95.     Shipping & Transit's actions and assertions that Plaintiff is infringing the '970 Patent have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff therefore has no adequate remedy at law.

96.     Plaintiff is entitled to a declaratory judgment that Plaintiff does not directly or indirectly infringe any of the claims of the '970 Patent, and to such further injunctive or other relief as may be just and proper.

<u>**NINTH CAUSE OF ACTION**</u>
**Bad Faith Assertion of Patent Infringement**
**in Violation of Utah Code 78B-6-1901 *et seq.***

97.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 96 above, as if fully set forth herein.

98.     Utah Code 78B-6, Part 19 (including sections 1901-1905) is an Act entitled "Distribution of Bad Faith Patent Infringement Letters Act".

99.     The Distribution of Bad Faith Patent Infringement Letters Act, section 1903, sets forth several factors courts may consider as evidence of bad faith assertions of patent infringement, including:

(2)(a) the demand letter does not contain all of the following information:

    (i) the patent numbers of the patent or patents being asserted;

    (ii) the name and address of the current patent owner or owners and any other person or entity having the right to enforce or license the patent;

    (iii) the name and address of all persons and entities holding a controlling interest in the persons and entities identified in Subsection (2)(a)(ii) of this section;

    (iv) the identification of at least one claim of each asserted patent that is allegedly infringed;

    (v) for each claim identified in Subsection (2)(a)(iv), a description of one or more allegedly infringing products, including the make, model number, and other specific identifying indicia of allegedly infringing products, services, or methods made, used, offered for sale, sold, imported or performed by the target, provided in sufficient detail to allow the target to assess the merits of the assertion of patent infringement; and

    (vi) identification of each judicial or administrative proceeding pending as of the date of the demand letter where the validity of the asserted patent or patents is under challenge; or

(2)(b) the demand letter contains any of the following:

    (i) an assertion of patent infringement based on a patent or a claim of a patent that has been previously held invalid or unenforceable in a final judicial or administrative decision from which no appeal is possible;

    (ii) an assertion that a complaint has been filed alleging that the target has infringed the patent when no complaint has, in fact, been filed;

    (iii) an assertion of infringement based on acts occurring after the asserted patent or claim at issue has expired or been held invalid or unenforceable;

    (iv) an assertion of infringement of a patent that the sponsor does not own or have the right to enforce or license; or

    (v) an assertion that the amount of compensation demanded will increase if the target retains counsel to defend against the assertions in the demand letter or if the target does not pay the sponsor within a period of 60 days or less;

    (vi) a false or misleading statement; or

    (vii) the demand letter demands payment of a license fee or response within an unreasonably short period of time depending on the number and complexity of the

claims.

100.    The Distribution of Bad Faith Patent Infringement Letters Act creates a private right of action for targets of bad faith assertions of patent infringement and authorizes courts to award as remedies equitable relief, damages, costs and fees (including reasonable attorneys' fees), and punitive damages in an amount of not more than the greater of $50,000 or three times the total of damages, costs, and fees.  Utah Code 78B-6-1904(1).

101.    The Distribution of Bad Faith Patent Infringement Letters Act includes a provision allowing a target of a demand letter to file a motion for a bond of up to $250,000 to be posted by the sponsor of the demand letter.  Utah Code 78B-6-1905.

102.    Shipping & Transit has asserted in bad faith, and continues to assert in bad faith, that Plaintiff infringes the Patents-in-Suit.  Shipping & Transit's bad faith assertion of patent infringement violates the Distribution of Bad Faith Patent Infringement Letters Act for several reasons.

103.    The Demand Letter does not include an identification of "the name and address of the current patent owner or owners and any other person or entity having the right to enforce or license the patent."

104.    The Demand Letter does not include an identification of "the name and address of all persons and entities holding a controlling interest in the persons or entities" who are patent owners or having the right to enforce or license the Patents-in-Suit.

105.    By way of example and not limitation, Shipping & Transit's Demand Letter (Exh. E) does not include any "identification of each judicial or administrative proceeding

pending as of the date of the demand letter where the validity of the asserted patent or patents is under challenge," in spite of the actual existence of such judicial or administrative proceedings pending as of the date of the Demand Letter, as discovered by Plaintiff through its own investigation. *See*, *e.g.*, IPR2016-01465.

106.     The Demand Letter demands a response "within an unreasonably short period of time depending on the number and complexity of the claims." Exh. E, p. 18.

107.     The Demand Letter was sent in bad faith because the Demand Letter does not identify any "vehicle" allegedly tracked by IntegraCore's systems and practices, which deficiency is not surprising given IntegraCore's complete lack of tracking vehicles in its systems and practices.

108.     Pursuant to Utah Code 78B-6-1901 *et seq.*, Plaintiff is entitled to equitable relief, damages, costs, attorneys' fees, and punitive damages in an amount of $50,000 or three times the total of damages, costs, and fees, whichever is greater.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on the preceding claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Utah Civil Rule 10-1(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff IntegraCore prays that the Court enter a final order and judgment that:

A.     U.S. Patent No. 6,415,207 is invalid and not directly or indirectly infringed by IntegraCore;

B.      U.S. Patent No. 6,904,359 is invalid and not directly or indirectly infringed by IntegraCore;

C.      U.S. Patent No. 6,763,299 is invalid and not directly or indirectly infringed by IntegraCore;

D.      U.S. Patent No. 7,400,970 is invalid and not directly or indirectly infringed by IntegraCore;

E.      Shipping & Transit is liable for the bad faith dissemination of a letter of patent infringement in violation of Utah Code 78B-6-19 *et seq.*;

F.      Shipping & Transit pay to IntegraCore its actual damages, costs, and attorney's fees pursuant to Utah Code 78B-6-1904(1);

G.      Shipping & Transit pay to IntegraCore punitive damages in the amount of three times IntegraCore's damages, costs, and attorneys' fees, or $50,000, whichever is greater, pursuant to Utah Code 78B-6-1904(1);

H.      Shipping & Transit pay to IntegraCore its costs of suit, and pre- and post-judgment interest on any money judgment;

I.      This is an exceptional case pursuant to 35 U.S.C. § 285, and IntegraCore be granted its reasonable attorneys' fees; and

J.      IntegrCore be granted such other and further relief as this Court deems just and proper.

DATED this 17th day of October, 2016.


 /s/ H. Dickson Burton
H. Dickson Burton
Stephen E. Pulley
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East
Salt Lake City, Utah 84110

Attorneys for Plaintiff, IntegraCore, LLC

Exhibit A:      Copy of U.S. Patent No. 6,415,207

Exhibit B:      Copy of U.S. Patent No. 6,904,359

Exhibit C:      Copy of U.S. Patent No. 6,763,299

Exhibit D:      Copy of U.S. Patent No. 7,400,970

Exhibit E:      Copy of Demand Letter Dated August 24, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on October 17th, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I served a copy of the foregoing by email and U.S. Mail to the following:

Frank Marciano
frank@marcianolaw.com
THE MARCIANO LAW FIRM
86 Hudson Street
Hoboken, NJ 07030
Tele: (201) 656-1000

  /s/ H. Dickson Burton